# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE, in his capacity )
as the executor of the Estate of )
JANE DOE, in his personal )
capacity, and as the personal )
representative of JANE DOE, )      Civil Action No. 01-2516 (RWR)

          Plaintiff, )

vs. )

OSAMA BIN LADEN, *et al.*, )      **ECF**

          Defendants. )

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY PUBLICATION

Plaintiff, by counsel and pursuant to Federal Rule of Civil Procedure 4(f), respectfully requests leave to serve certain defendants by publication.  As grounds therefor, Plaintiff states as follows:

### MEMORANDUM OF LAW

**I.**    **Introduction.**

On September 11, 2001, Jane Doe was killed in the terrorist attacks on the World Trade Center.  Plaintiff John Doe, in his capacity as the executor of the estate of Jane Doe, in his personal capacity and in his capacity as personal representative of Jane Doe, has filed a six-count complaint seeking damages for Jane Doe's death.  Two of the defendants named in Plaintiff John Doe's complaint, the Islamic Emirate of Afghanistan (a.k.a. the Islamic State of Afghanistan) and the Republic of Iraq, were served with process through diplomatic channels and default judgments have

been entered against them.[1] The remaining defendants, Sheikh Usama Bin-Muhammad Bin-Laden

(a.k.a. Osama Bin Laden, "Bin Laden"), Al Qaeda (a.k.a. Islamic Army, "Al Qaeda") and the Taliban

have not been served. Service of these three defendants has proven impossible due to the fact that

they are in hiding and have not appointed a legal representative to accept service. As such, Plaintiff

respectfully requests leave to serve these three defendants by publication, both in the newspaper and

via the Internet.

## II.    Discussion.

Rule 4 of the Federal Rules of Civil Procedure governs service of process. Two specific

sections of Rule 4 are implicated in this case: Rule 4(f), which governs service on individuals in

foreign countries; and Rule 4(h)(2), which governs service on corporations and associations.

Because Rule 4(h)(2) states that service of process upon a corporation or association outside the

United States may be affected by any means allowed by Rule 4(f) except personal delivery, Rule 4(f)

governs service on all unserved defendants.

Rule 4(f) states:

> [S]ervice upon an individual from whom a waiver has not been obtained and filed,
> other than an infant or an incompetent person, may be affected in a place not within
> the judicial district of the United States: (1) by any internationally agreed means
> reasonably calculated to give notice, such as those means authorized by the Hague
> Convention on the Service Abroad of Judicial and Extrajudicial Documents; or (2)
> if there is no internationally agreed means of service or the applicable international
> agreement allows other means of service, provided that service is reasonably
> calculated to give notice: (A) in the manner proscribed by the law of the foreign
> country for service in that country in an action in any of its courts of general

---

[1]    On May 7, 2003, a judge of the U.S. District Court for the Southern District of New
York entered a $104 million default judgment against Afghanistan, Iraq, the Taliban, Al Qaeda,
Oama Bin-Laden and others in a substantially similar action brought by other victims of the
September 11th attacks. *See* "Judge Awards $104 Million to 9-11 Victims," *Associated Press*, May
7, 2003.

jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or (C) unless prohibited by the law of the foreign country by (I) delivery on the individual personally of the copy of summons and complaint;[2] or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or (3) by other means not prohibited by international agreement as may be directed by the court."

Fed.R.Civ.P. 4(f).

Plaintiff have no way of affecting service on Defendants Bin Laden, Al Qaeda or the Taliban by the methods proscribed in Rule 4(f)(1) and (2). Consequently, Rule 4(f)(3) provides the only possible method of service. Plaintiff thus requests leave to serve Defendants Bin Laden, Al Qaeda and the Taliban by way of publication, in accordance with Rule 4(f)(3).

### A.   The Methods of Service Proscribed in Rule 4(f)(1) and 4(f)(2) Are Not Feasible in This Case.

Rule 4(f)(1) allows for service or process by way of an international agreement, such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("The Convention"). However, the facts of this case do not allow for service under the Convention. First, the whereabouts of these defendants is unknown. Plaintiffs do not have addresses for any of these defendants, and the Convention does not apply when the address of the individual to be served is not known. Second, none of the nations typically associated with the defendants are signatories to the Convention.[3] Plaintiffs are not aware of any other applicable international agreement that would allow for service under these unique circumstances.

---

[2]   Service by personal delivery to an individual constitutes proper service on individuals only, not proper service on corporations or associations. *See* Fed.R.Civ.P. 4(h)(2).

[3]   Even though the defendants do have a specific country they call home, they are commonly associated with the nations of Afghanistan, Iraq, Syria, Iran, Saudi Arabia and Yemen. None of these countries are signatories to the Convention.

In the absence of an applicable international agreement, Rule 4(f)(2) permits service of process in several different ways. However, these alternatives are not feasible in this case either. Rule 4(f)(2)(A) permits service in a manner proscribed by the law of the foreign country where the individual, corporation or association to be served resides. The difficulty here is that Defendants Bin Laden, Al Qaeda and the Taliban have no known address. In fact, it is not known in what country these defendants are currently located. Without this information, Plaintiff cannot know which country's service of process law to follow, if such a law even exists.

Rule 4(f)(2)(B) permits service "directed by the foreign authority in response to a letter rogatory or letter of request." This method of service is not feasible for the same reason that service under Rule 4(f)(2)(A) is not feasible. The whereabouts of Defendants Bin Laden, Al Qaeda and the Taliban are unknown, and, consequently, it is not possible to know where a letter rogatory should be sent. Some of the countries associated with these defendants currently have no governing body or are in transition government stages. There is simply no way for Plaintiff to affect service in this way.

Finally, Rule 4(f)(2)(C) permits service of process by way of personal delivery on an individual or mail requiring a signed receipt sent to either an individual or to a corporation or association. As with the other two sections of Rule 4(f)(2), the absence of a viable address or the lack of any information about the current location of any of these defendants precludes this method of service in this case.

Importantly, these defendants are wanted by not only Plaintiff and several other plaintiffs seeking to hold them liable for the acts of September 11, 2001, but by several governments, including the United States, seeking to hold them criminally liable for these same acts. Because the

4

defendants are aware that they are wanted, it is not reasonable to think Plaintiff will discover an address or other identifying information sufficient to affect service of process in accordance with any of the provisions of Rule 4(f)(2).

**B.    Publication Under Rule 4(f)(3) Provides the Only Feasible Method of Affecting Service.**

Rule 4(f)(3) allows service of process to be affected by "other means not prohibited by international agreement as may be directed by the court." Rule 4(f)(3) has been used by courts to permit service of process in various manners including: publication in international newspapers,[4] ordinary mail,[5] mail to last known address,[6] service to defendant's attorney,[7] telex,[8] email[9] and facsimile.[10]

Plaintiff seeks to affect service on Defendants Bin Laden, Al Qaeda and the Taliban through publication for three consecutive weeks in *Al-Quds Al-Arabi*, the "best circulated Arabic daily in London, Europe, the U.S., North Africa and the Middle East." *See* Exhibit 1. Plaintiff plans on

---

[4]    *See SEC v. Tome*, 833 F.2d 1086, 1094 (2nd Cir. 1987); *Smith v. Islamic Emirate*, 2001 U.S. Dist. LEXIS 21712, at *5-13.

[5]    *See Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 2001).

[6]    *See International Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2nd Cir. 1979).

[7]    *See Forum Fin. Group*, 199 F.R.D. at 23-24.

[8]    *See New England Merchants National Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980).

[9]    *See Broadfoot v. Diaz (In re: International Telemedia Association*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000); *RIO Properties, Inc. v. RIO International Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).

[10]    *See Broadfoot*, 245 B.R. at 722.

publishing the attached legal notice[11] apprising defendants of the suit in *Al-Quds Al-Arabi* in Arabic and supplementing the publication on counsel's website by posting the complaint in both English and Arabic.[12] *See* Exhibit 2. The complaint would remain on the website until a judgment is entered in the case.

Publication in the manner proposed by Plaintiff satisfies the "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality [which] is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In *Mullane*, the Supreme Court found that the reasonableness of the service could be judged on whether the method of service was reasonably certain to inform the pertinent parties, or at least that the method was "not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Id.* at 315. Publication is not only the only feasible method of publication in this case, it is, under the present circumstances, the method most likely to apprise defendants of Plaintiff's suit.

Plaintiff has chosen *Al-Quds Al-Arabi* to publish the notice in because, according to several other similar suits, Defendant Bin Laden himself has used *Al-Quds Al-Arabi* as a means to publish statements and notices. *See Havlish v. Osama Bin Laden, et al.*, Case No. 02-0305 (JR) (D. District of Columbia); *Burnett v. Al Baraka Investment & Development Corp., et al.*, Case No. 02-1616 (JR)

---

[11]    The attached copy of the legal notice is in English, but Plaintiff will have the notice translated into Arabic prior to publication.

[12]    The legal notice published in *Al-Quds Al-Arabi* would include Plaintiff's counsels website which would direct Defendants to the complaint.    The Internet address is: www.judicialwatch.org.

(D. District of Columbia). This makes *Al-Quds Al-Arabi* the most reasonable choice to apprise defendants of the suit. In fact, this Court, as well as other courts, have found *Al-Quds Al-Arabic* to be an appropriate place to publish legal notices regarding these defendants. *See Odilla Mutaka Mwami, et al. v. U.S., et al.*, Case No. 99-0125 (CKK) (D. District of Columbia); *Havlish v. Osama Bin Laden, et al.*, Case No. 02-0305 (JR) (D. District of Columbia); *Burnett v. Al Baraka Investment & Development Corp., et al.*, Case No. 02-1616 (JR) (D. District of Columbia).

Additionally, three weeks of publication in *Al-Quds Al-Arabi* is sufficient to satisfy due process, albeit without saddling Plaintiff with an unnecessary financial expense. Although not directly applicable, Rule 71A of the Federal Rules of Civil Procedure governs service of process in condemnation cases, and, under Rule 71A, publication is only required once a week for a minimum of three successive weeks. Publication of the notice one day a week for three consecutive weeks will cost approximately $5,100. *See* Exhibit 3. Requiring Plaintiff to incur any more cost for additional publication would not only impose a substantial burden, but it would be unnecessary because the proposed publication is reasonably certain to apprise defendants of Plaintiff's suit.

## III.   **Conclusion.**

For the foregoing reasons, Plaintiff respectfully requests the Court permit him to serve process on Defendants Bin Laden, Al Qaeda and the Taliban through publication of the attached legal notice in *Al-Quds Al-Arabi* one day a week for three consecutive weeks. Additionally, Plaintiff will publish the complaint on the website www.judicialwatch.org, where it will remain until judgment is rendered.

7

Respectfully submitted,

JUDICIAL WATCH, INC.

Larry Klayman, Esq.    /Pro
D.C. Bar. No. 334581
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff

8

## <u>LOCAL RULE 7.1(m) CERTIFICATE OF COUNSEL</u>

As of the date of this motion, May 8, 2003, no counsel have entered their appearance on behalf of any of the Defendants in this case.  Additionally, this motion affects Defendants who are not amenable to contact contemplated by LCvR 7.1(m), therefore, the requirements of LCvR 7.1(m) are not applicable to this motion.

Meredith Cavallo